Thomas Annecharico, pro se
16 Saint Mary Ave.
Manahawkin, NJ 08050
609 978-1361
609 978-0712 fax

| | |
|---|---|
| Plaintiff | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| THOMAS ANNECHARICO | |
| vs. | Civil Action No.: 1:09-CV-03594-JBS-JS |
| Defendants | |
| POPULAR MORTGAGE SERVICING INC.; | CIVIL ACTION |
| LITTON LOAN SERVICING; | **AMENDED COMPLAINT** |
| EQUIFAX; | **WITH JURY DEMAND** |
| VERIZON; | |
| TRANS UNION; | |
| XYZ COMPANY 1 THRU 10 | |

Plaintiff, Thomas Annecharico by way of Complaint says:

1. Defendant Litton Loan Servicing and apparently the prior mortgage holder, the defendant Popular Mortgage, were reporting incorrect derogatory credit information about a mortgage No. 40906455 to the credit reporting agencies Trans Union and Equifax. However, the defendant Litton Loan, stated to the plaintiff that Litton Loan is not reporting the plaintiff late to any of the credit reporting agencies. And in fact, the plaintiff had not only paid on time, but rather more then 60 days before the due date.

2. Defendants Verizon and Equifax were reporting incorrect derogatory credit information about a erroneous Verizon account   Verizon was to have contacted all the credit reporting agencies last year and  promised the plaintiff that the Verizon tradeline would be deleted . The  plaintiff is not sure if the defendant Equifax is at fault or the defendant Verizon.

3. The defendant Equifax was reporting an erroneous court judgment on the plaintiffs credit report which Equifax was notified to remove back in February 2006. When a order was signed by the court , the plaintiff checked the plaintiffs Equifax credit report and did not find the judgment on the plaintiffs Equifax credit report. But to be safe, the plaintiff still forwarded a letter via mail and fax to Equifax regarding the removal of the judgment from the plaintiffs Equifax credit file.   And two years later, as per the plaintiffs Equifax credit report dated 03/17/08, the judgment was still not appearing on the plaintiffs Equifax credit file. The erroneous judgment  then mysteriously appeared on the plaintiffs Equifax credit report.  The plaintiff immediately filed a dispute with Equifax two times to have the judgment removed from the plaintiffs credit report. Equifax investigated  and reinvestigated the matter and contacted the plaintiff with the results of equifax's reinvestigation on June 9, 2009 .  Equifax claimed that they confirmed that the judgment was being reported correctly and that the judgment would stay on the plaintiffs credit file even though there was in fact no judgment against the plaintiff. It was not until the plaintiff filed this lawsuit that equifax finally decided that they would remove the judgment from the plaintiffs credit report. The plaintiff does not understand why a consumer should have to be forced to file a lawsuit to have their credit

report reported correctly.

4. Because of this incorrect derogatory credit information being reported by the defendants, the plaintiff has had multiple credit lines decreased including one credit card which had a limit of $33,000 that has been reduced to $500 and another credit card which had a $8000.00 limit, has been reduced to $1100. In addition the plaintiff intended to use the credit card with the $33,000 limit to pay for the plaintiffs wedding which the plaintiff has already contracted with Disney world.

5. Because of the reduced credit lines, the plaintiffs credit score has been damaged further because of the available credit lines being removed, thus reducing the plaintiffs credit score even further.

6. The plaintiff on May 24, 2009 applied for an automobile loan expecting an advertised 3.9% interest rate only to be offered a 8.2% interest rate because of the plaintiffs lower credit score and the erroneous derogatory credit information. Not only was the plaintiff shocked, the plaintiff was embarrassed and felt like a deadbeat that does not pay their bills. And in fact the plaintiff was asked if the plaintiff had someone to co-sign for the plaintiff to be given the lower 3.9% interest rate. All this because of the erroneous negative information on the plaintiffs credit file caused by the defendants.

7. Because of the defendants actions the plaintiff has been forced to pay higher interest rates on other credit cards along with the elimination of over $40,000 of available credit . Credit which the plaintiff has taken over 25 years to build up.

8. The plaintiff seeks damages from the defendants for willfully and knowingly violating the violating the fair credit reporting act as well as punitive damages.

9. Because the plaintiff was having so may problems with incorrect negative credit information on the plaintiffs Trans Union and Equifax credit reports, the plaintiff entered into a contract with Trans Union and Equifax for what is called credit monitoring of the plaintiffs credit file via "alerts" if any derogatory credit information appears on the plaintiffs credit file.

10. Sometime after May of 2009, Trans Union and Equifax reported erroneous negative credit information showing a derogatory collection account on the plaintiffs Trans Union and Equifax credit reports.

11. The credit monitoring that the plaintiff contracted with the defendants Trans Union and Equifax appears to be worthless and not what is advertised by the defendants as the plaintiff was never notified by any type of "alert" by the defendants TransUnion and Equifax. It was only until the plaintiff was sent a letter from one of the plaintiffs credit card companies lowering the plaintiffs credit line, that the plaintiff was made aware the that Trans Union and Equifax was reporting a derogatory collection account on the plaintiffs credit files.

12. Because of the defendant's Trans Union and Equifax actions, the plaintiff was not given the "alert" as to negative credit information and did not have time to act prior to one of the plaintiffs creditors , which based on the erroneous derogatory credit information, has lowered another one of the plaintiffs credit card credit lines based on

the erroneous credit information which could have been removed immediately had the plaintiff been notified as per the defendants credit monitoring service that the plaintiff contracted for and therefore the plaintiffs seeks damages for breach of contract and punitive damages from the defendants TransUnion and Equifax .

The plaintiff demands $15,000.00 from the defendants plus interest and for the costs of suing.

I certify that the above matter in controversy is not the subject other court action or arbitration proceeding now or pending or contemplated, and that no other parties should be joined in this action.

Dated: 10/21/09

Thomas Annecharico   plaintiff pro se

Thomas Annecharico, pro se
16 Saint Mary Ave.
Manahawkin, NJ 08050
609 978-1361
609 978-0712 fax

---

Plaintiff

THOMAS ANNECHARICO

vs.

Defendants

POPULAR MORTGAGE SERVICING INC.;
LITTON LOAN SERVICING;
EQUIFAX;
VERIZON;
TRANS UNION;
XYZ COMPANY 1 THRU 10

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action No.: 1:09-CV-03594-JBS-JS

**CERTIFICATION OF SERVICE**

I, Thomas Annecharico, the plaintiff in this matter hereby certifies that a true and correct copy of the amended complaint has been sent on today's date via regular and certified mail to:

Edward Kim, Esq.
Powers Kirn, LLC
9 East Stow Road, Suite C
Marlton, NJ 08053
Attorney for Litton Loan Servicing and Popular Mortgage Servicing


Debra M. Albanese, Esq.
Traflet & Fabian, Attorneys at Law
Carriage Court Two
264 South Street
Morristown, NJ 07960
Attorney for Equifax

Timothy Creech, Esq.
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA, 19103-3699
Attorney for Trans Union

DATED 10/28/09

_____
THOMAS ANNECHARICO, plaintiff pro se